USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 4 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

FLORENCE F. SMITH,

                  Plaintiff,

        -v-

LARRY JOHNSON, et al.,

                Defendants.

------------------------------------------------------------------ X

14-cv-3975 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

       In May 2014, pro se plaintiff Florence F. Smith ("Plaintiff"), brought this action against defendants the City of New York and several former or current New York City Department of Corrections ("DOC") employees[1] (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 et seq. Plaintiff's Complaint (ECF No. 1 ("Compl.")) alleges that defendants discriminated against her based on her race, national origin, gender/sex, age, religion, and disability, and that her supervisors retaliated against her for union activities. Defendants moved under Rule 12(b)(6) of the

---

[1] These employees are Larry Johnson, Alan Vengersky, Brian Charkowick, Brenda Lambert, Nicholgas Santangelo, Camile Prespitino, and Jean Yaremchuk.

Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. For the following reasons, Defendants' motion to dismiss is GRANTED.

I.      FACTUAL[2] AND PROCEDURAL[3] BACKGROUND

Plaintiff is a former employee of the Help Desk of the Information Technology Data Center at the New York City Department of Correction ("DOC"). (Compl. at 2 & ex. 2 at 1.) DOC terminated her employment on August 20, 2013 due to excessive lateness, which Plaintiff alleges was a pretext for race, national origin, gender/sex, age, disability, and religious discrimination, and retaliation for union activities. (See Compl. at 1-3 & ex. 2.) At the time she was terminated, Plaintiff was caring for her sick, elderly father, which she alleges was the cause of her lateness. (See Compl. ex. 2 at 1.) Plaintiff alleges she was terminated in part because she is "a black woman, over age 40 years of old, and from the West Indies," and because she "was a stand [sic] for everyone and a voice that was unstoppable." (Compl. ex. 2 at 1.)

---

[2] The following facts are taken from Plaintiff's Complaint and from the public record of Plaintiff's proceedings before the New York City Office of Administrative Trials and Hearings, the New York City Civil Service Commission, and the Equal Employment Opportunity Commission, which are attached to the Declaration of Benjamin E. Stockman submitted by Defendants in support of this motion. (ECF No. 19 exs. B, C, D ('Stockman Decl.").) For the purposes of this motion to dismiss only, the material factual allegations asserted by Plaintiff in the Complaint are deemed to be true. The public records of Plaintiff's prior proceedings are incorporated into the Complaint by reference. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

[3] In response to Defendants' motion to dismiss, Plaintiff submitted six separate filings to the Court. (ECF Nos. 28-31, 36-37.) "In adjudicating a motion to dismiss, a court may consider only the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated by reference, and documents on which the complaint heavily relies . . . ." Chambers, 282 F.3d at 152-53. Accordingly, the Court may not consider factual allegations set forth in these submissions that are not also contained in the Complaint or in the public records of Plaintiff's prior proceedings. The Court considers them solely in the context of whether to grant leave to replead and assuming, in that context, that such assertions would be in any amended filing.

Plaintiff received three sets of charges from DOC relating to several occasions during the preceding two years when her job performance was unsatisfactory, which plaintiff challenged through proceedings pursuant to New York Civil Service Law § 75. (Stockman Decl. ex. B at 1-2.) An administrative law judge held a four-day trial at which Plaintiff was represented by a lawyer and was given the opportunity to present witnesses and evidence. (Stockman Decl. ex. B at 2, 13.) The administrative law judge issued a 47-page report and recommendation that Plaintiff be terminated. (Stockman Decl. ex. B.) Plaintiff appealed the report and recommendation to the New York City Civil Service Commission, which conducted a hearing and then affirmed the findings and termination. (Stockman Decl. ex. C.)

Plaintiff then filed a charge alleging discrimination based on race and national origin and unlawful retaliation with the Equal Employment Opportunity Commission (the "EEOC"), which she signed on November 6, 2013. (Stockman Decl. ex. D.) The EEOC issued her a Right to Sue Letter dated February 28, 2014. (Compl. ex. 1.)

Plaintiff filed her Complaint against Defendants on May 27, 2014. (Compl.) Defendants moved to dismiss the Complaint for failure to state a claim on August 7, 2014. (ECF No. 16.) Between August 28, 2014 and September 5, 2014, Plaintiff filed four separate submissions opposing Defendants' motion to dismiss.[4] (ECF Nos.

---

[4] On August 22, 2014, Plaintiff requested that this Court enter default judgment against defendants. (ECF No. 24.) In an Order dated August 27, 2014, the Court denied Plaintiff's request for a default judgment, noting that the federal and local rules provide for a specific procedure for obtaining a default judgment, and that Plaintiff must comply with that procedure if she seeks default judgment. (ECF No. 27.) Notwithstanding this Order, on September 25, 2014 Plaintiff again requested that the Court grant her request for a default judgment. (ECF No. 27.) The Court has already denied this request. It is totally meritless.

3

28-31.) Defendants file a reply brief on September 19, 2014. (ECF No. 34.)
Plaintiff then, without leave from the Court, made two additional submissions
opposing the motion to dismiss, which the Court posted to the docket (ECF Nos. 36-
37).[5]

## II.     STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may
move to dismiss a complaint for "failure to state a claim upon which relief can be
granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a
plaintiff must provide grounds upon which their claim rests through "factual
allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI
Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must
allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v.
Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550
U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual
allegations, but does not credit "mere conclusory statements" or "threadbare recitals
of the elements of a cause of action." Id. Furthermore, the Court will give "no effect

---

[5] On October 16, 2014, Plaintiff submitted a letter regarding a letter and a check she received from
the New York City Department of Corrections, which Plaintiff appears to have interpreted as a
settlement offer. (ECF No. 38.) The Court notes that it has no reason to believe the letter and the
check are related to the instant proceeding.

to legal conclusions couched as factual allegations." <u>Port Dock & Stone Corp. v.</u>

<u>Oldcastle Ne., Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007) (citing <u>Twombly</u>, 550 U.S. at

555). If the Court can infer no more than the mere possibility of misconduct from

the factual averments—in other words, if the well-pled allegations of the complaint

have not "nudged [Plaintiffs] claims across the line from conceivable to plausible"—

dismissal is appropriate. <u>Twombly</u>, 550 U.S. at 570.

     <u>Pro se</u> complaints are to be construed "liberally" and interpreted "'to raise the

strongest arguments that they suggest.'" <u>Pabon v. Wright</u>, 459 F.3d 241, 248

(quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, to

survive a motion to dismiss, a <u>pro se</u> plaintiff must still plead enough facts to state

a claim to relief that is plausible on its face. <u>See</u> <u>Hill v. Curcione</u>, 657 F.3d 116, 122

(2d Cir. 2011).

III.    DISCUSSION

    A.    <u>Federal Gender/Sex, Age, and Religious Discrimination Claims</u>

     Before filing an action in federal court under Title VII, the ADA, or the

ADEA, a plaintiff must exhaust their administrative remedies by filing a timely

charge of discrimination with the EEOC. <u>See, e.g.</u>, <u>Hoffman v. Williamsville Sch.</u>

<u>Dist.</u>, 443 Fed. App'x 647, 649 (2d Cir. 2011) (Title VII and ADA); <u>Dezaio v. Port</u>

<u>Auth. of N.Y. & N.J.</u>, 205 F.3d 62, 64-65 (2d Cir. 2000) (ADEA). Plaintiff's EEOC

charge only alleged discrimination based on race and national origin and unlawful

retaliation. (Compl. ex. 1.) Plaintiff's Title VII gender/sex, age, religious, and

disability discrimination claims, her ADA claim, and her ADEA claim are therefore

barred, and must be DISMISSED.

5

B.   Federal and State Law Race and National Origin Discrimination and Retaliation Claims

Title VII makes it unlawful for an employer to "discriminate against any individual because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Employment discrimination and retaliation claims under the NYSHRL are evaluated under the same standard as Title VII claims.  See, e.g., Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 609 (2d Cir. 2006) ("[R]etaliation claims under the NYSHRL are generally governed by the same standards as federal claims under Title VII."); Kemp v. Metro-N. R.R., 316 Fed. App'x 25, 26 (2d Cir. 2009) ("We analyze claims under the NYSHRL using the same standards that apply to federal civil rights statutes such as Title VII . . . and the ADA."); Henry v. N.Y.C. Health & Hosp. Corp., No. 13 Civ. 6909(PAE), 2014 WL 957074 at *3, *10 (S.D.N.Y. Mar. 10, 2014).

Plaintiff's Complaint does not contain any allegations that specifically identify the nature, timing, or occurrence of any specific instances of discriminatory conduct—it does not allege that anyone made discriminatory remarks to her, or that she was treated differently than similarly situated individuals.  While Plaintiff does allege that she was denied overtime, she does not connect this denial with any facts supportive of discriminatory treatment.  In fact, the only reference to race or national origin in the Complaint is Plaintiff's allegation that she is "a black woman, over age 40 years of old, and from the West Indies." (Compl. ex. 2 at 1.)

With respect to retaliation, the Complaint states only that Plaintiff was retaliated against for her union activities.  (See Compl. ex. 2 at 1-2.)  But Title VII

6

only provides redress for union activities when those activities consist of protest or opposition to statutorily prohibited discrimination. See Benn v. City of New York, 482 Fed. App'x 637, 638 (2d Cir. 2012) (to establish prima facie case of retaliation, plaintiff must show that adverse employment action was in response to "protected activity," which is "action taken to protest or oppose statutorily prohibited discrimination"); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996) (same). Plaintiff alleges only that she was retaliated against for her involvement in union activities as a general matter, and she does not provide any specific allegations as to union activities undertaken in opposition to employment practices believed to be unlawful.

Further, "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action," Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2012), and the same is true of retaliation claims under the NYSHRL, see, e.g., Pilgrim v. McGraw-Hill Cos., Inc., 599 F. Supp. 2d 462, 468 (S.D.N.Y. 2009). Plaintiff alleges no facts that raise a plausible inference that she suffered an adverse employment action as a result of the retaliation she alleges, rather than her lateness and other performance issues. Her federal and state race and national origin discrimination and retaliation claims must therefore be DISMISSED.[6]

---

[6] Plaintiff also alleges that Defendants failed to promote her; failed to accommodate her disability (which she alleges to be "elder care / family member"); and created or tolerated a hostile work environment. (See Compl. at 1-2.) Plaintiff does not provide any factual allegations to support these claims. Accordingly, they are also dismissed.

7

C.    Other Bases for Dismissal of Federal and State Law Claims

1.    Claims against individual defendants.

There is no individual liability under Title VII, the ADEA, or the ADA. Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010) (no individual liability under Title VII or the ADA); Cherry v. Toussaint, 50 Fed. App'x 476, 477 (2d Cir. 2002) (summary order) ("[T]he ADEA precludes individual liability."). Accordingly, Plaintiff's federal claims against the individual defendants named in the Complaint are DISMISSED.

2.    Statute of limitations.

In New York, the statute of limitations for Title VII, ADA, and ADEA claims is 300 days prior to the filing of an EEOC charge. Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325-28 (2d Cir. 1999) (ADA); Haghpassand v. Reuters Am. Inc., 120 Fed. App'x 859, 861 (2d Cir. 2005) (summary order) (Title VII and ADEA). Plaintiff's Complaint alleges that the alleged discriminatory conduct occurred from 2002 through August 20, 2013. (See Compl.) To the extent that Plaintiff's Complaint alleges discriminatory acts prior to 300 days before November 6, 2013, the earliest date on which she could have filed her EEOC charge, Plaintiff's federal claims based on these acts are time-barred, and therefore DISMISSED.

The statute of limitations on NYSHRL and NYCHRL claims is three years. Sotomayor v. City of New York, 862 F. Supp. 2d 226, 248-249 (E.D.N.Y. 2012) (citing N.Y. C.P.L.R. § 214(2); N.Y.C. Admin Code § 8-502(d); Koerner v. State of New York, 467 N.E.2d 232, 233-34 (N.Y. 1994)). To the extent Plaintiff's Complaint alleges discriminatory acts prior to three years before Plaintiff commenced this

action, Plaintiff's NYSHRL and NYCHRL claims are time-barred, and therefore DISMISSED.

      D.     New York City Law Claims

Having dismissed Plaintiff's federal and state discrimination and retaliation claims, the Court must now determine whether to exercise supplemental jurisdiction over her city law claims. Federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a federal district court may, at its discretion, "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, a district court should balance the traditional "values of judicial economy, convenience, fairness, and comity." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). As a general rule, when a plaintiff's federal claims are dismissed, their non-federal claims should be dismissed as well. See In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998).

The NYCHRL embodies a broader conception of actionable discrimination and retaliation than Title VII and the NYSHRL. See Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 277-79 (2d Cir. 2009) (explaining that NYCHRL is not coextensive with federal and state law counterparts); Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) ("[T]he retaliation inquiry under the CHRL is broader than its federal counterpart." (internal quotation marks

9

omitted)). Nevertheless, despite the liberal construction accorded claims under the NYCHRL, Plaintiff must still allege enough facts to state a claim to relief under the NYCHRL that is plausible on its face. Plaintiff has failed to do so, and instead has made only conclusory allegations. Accordingly, the Court need not invest any additional judicial resources to resolve Plaintiff's NYCHRL claims, and considerations of convenience, fairness, and comity do not counsel against exercising supplemental jurisdiction over these claims. Plaintiff's NYCHRL claims are therefore DISMISSED.

IV.    CONCLUSION

For the reasons set forth above, plaintiff's claims are DISMISSED. Plaintiff has leave from the Court to file an amended complaint. Should she wish to do so, Plaintiff must file such an amended complaint within thirty (30) days of the date of this Memorandum Opinion & Order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

10

The Clerk of Court is directed to close the motion at ECF No. 16.

SO ORDERED.

Dated:        New York, New York
              October 24, 2014

_____
KATHERINE B. FORREST
United States District Judge

Copy to:

Florence F. Smith
168 Patchen Avenue
Brooklyn, NY 11221

11